FILED
MAR 0 6 2009

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROTISH V. SINGH, | ) |
| | ) Civil No. 07-990-PK |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| BRIAN BELLEQUE, | ) FINDINGS AND RECOMMENDATION |
| | ) |
| Respondent. | ) |

Allison M. Clark
Federal Public Defender's Office
101 SW Main Street, Suite 1700
Portland, Oregon  97204

    Attorney for Petitioner

Hardy Myers
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge.

Petitioner Rotish V. Singh brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his sentence for Attempted Sodomy in the First Degree. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus (#20) should be denied, and Judgment should be entered dismissing this action with prejudice.

## BACKGROUND

On October 18, 2001, the Malheur County Grand Jury returned an indictment charging Singh with one count of Sodomy in the First Degree. Respondent's Exhibit 102. Following plea negotiations, Singh pled guilty to the lesser included offense of Attempted Sodomy in the First Degree. The trial court accepted Singh's plea and imposed a 95-month sentence in accordance with the parties' stipulated agreement. Respondent's Exhibit 101, p. 2; Exhibit 103, pp. 40-45.

Singh did not directly appeal his sentence, but did file for post-conviction relief ("PCR") in state court. The PCR trial court denied relief. Singh v. Belleque, Marion County Circuit Court Case No. 03C-17930; Respondent's Exhibits 128-130. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Singh v. Belleque, 211 Or. App. 712, 156 P.3d 174 (2007), rev. denied, 343 Or. 33, 161 P.3d 943 (2007); Respondent's Exhibits 131-135.

2 - FINDINGS AND RECOMMENDATION

On July 5, 2007, Singh filed this action. In his Amended Petition for Writ of Habeas Corpus, Singh raises the following ground for relief:

> Ground One: Petitioner Rotish Singh's upward departure sentence is unconstitutional because it was imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and due to the ineffective assistance of counsel.
>
> Supporting Facts: Petitioner received an upward departure sentence without a jury making a factual determination beyond a reasonable doubt on the predicate for a greater sentence. Counsel was ineffective in advising Petitioner to agree to a stipulated sentence without informing him of his statutory and constitutional rights. Counsel failed to object to the violation of *Apprendi*.

Respondent asks the court to deny relief on the Amended Petition because Singh's claim was correctly denied on the merits in a state-court decision that is entitled to deference.

## DISCUSSION

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

3 - FINDINGS AND RECOMMENDATION

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. Id. at 410. The state court's application of clearly established law must be objectively unreasonable. Id. at 409.

The PCR trial court made the following pertinent findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Trial counsel reviewed with petitioner all of the rights petitioner was waiving as a result of his plea prior to allowing petitioner to enter his plea.

2. The State agreed not to prosecute petitioner in Columbia County if he accepted the plea bargain in this case. Petitioner received a very favorable plea agreement.

\* \* \*

4 - FINDINGS AND RECOMMENDATION

    4.    Petitioner stipulated that the semen located on the toothbrush seized from his cell was his semen.

    5.    Petitioner's claim that he was unaware of what sentence he would receive is not credible. Petitioner was immediately aware that he was charged with a Ballot Measure 11 offense. Trial counsel informed petitioner what his sentence could be after a trial. Petitioner was told that he could plead to a lesser charge if he stipulated to a 95-month sentence. Petitioner expressly and knowingly agreed to this stipulation.

* * *

CONCLUSIONS OF LAW

    1.    Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by * * * the United States Constitution as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 US 668 (1984). . . .

    2.    . . . . Neither *Crawford* nor *Blakely* apply to the facts of this case. Neither *Crawford* nor *Blakely* apply retroactively to this collateral proceeding.

    3.    Petitioner did not prove any of his claims by a preponderance of the evidence.

    4.    Petitioner entered a knowing, intelligent, and voluntary plea.

Respondent's Exhibit 129. pp. 6-7.

Singh's argument that the trial court's imposition of an upward departure sentence was unconstitutional because it violated Apprendi is based on an application of the Apprendi rule that was not made clear until Blakely v. Washington, 542 U.S. 296 (2004) issued nearly two years after Singh was sentenced. In short, Singh argues that Apprendi required a jury to find enhancement factors

5 - FINDINGS AND RECOMMENDATION

beyond a reasonable doubt, and even if that requirement was unsettled at the time of his sentencing, his defense counsel provided ineffective assistance when he failed to object to the enhancement. Leaving aside counsel's ineffectiveness for the moment, it is clear that, at the time of Singh's sentencing, the trial court did not contravene federal law in relying on the parties' stipulation to support the enhanced sentence.

The parties agree that, at the time Singh was sentenced, Apprendi governed. Under the rule of Apprendi, "[o]ther than the fact of a prior conviction, any fact that increase[s] the penalty of a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490.

At the time of Singh's sentencing, Oregon courts applying Apprendi understood the applicable "statutory maximum" for felonies to consist of terms set forth in Or. Rev. Stat. § 161.605, which set maximum terms of imprisonment for various classes of felonies. See, e.g., State v. Dilts, 39 P.3d 276 (Or. App. 2002), aff'd 82 P.3d 593 (Or. 2003), vacated by Dilts v. Oregon, 542 U.S. 934 (2004). For Attempted Sodomy in the First Degree, a Class B felony, the "statutory maximum" was 10 years under that standard. Then-current Supreme Court authority reaffirmed the role of judicial fact finding in sentencing as long as the sentence did not exceed statutory limits. See, e.g., Apprendi, 530 U.S. at 481

6 - FINDINGS AND RECOMMENDATION

("nothing in this history suggests that it is impermissible for judges to exercise discretion-taking into consideration various factors relating both to offense and offender-in imposing a judgment within the range prescribed by statute.").[1]

The meaning of "statutory maximum" for Apprendi purposes changed in 2004 with the clarification of Apprendi in Blakely v. Washington, 542 U.S. 296 (2004). The defendant in Blakely pleaded guilty to kidnapping and use of a firearm. Blakely, 542 U.S. at 298-99. Like Oregon's sentencing guidelines, those at issue in Blakely established a presumptive sentence for a particular crime. Id. at 300. Both schemes also permit the sentencing court to impose a sentence above the standard range based on certain findings that would justify a departure. In Blakely, the standard range for the crime of which defendant pleaded guilty was 49 to 53 months. Finding that the defendant had acted with "deliberate cruelty" (one of several enumerated grounds for departure) the trial court departed upward to 90 months. Id.

The defendant argued that imposing a sentence in excess of the standard-range maximum under the state sentencing guidelines, based on facts not found by a jury, violated his jury trial and due

---

[1] Beyond asking for a brief recitation of the facts following Singh's guilty plea, the trial court did not explicitly engage in judicial fact finding to support the sentence it imposed. According to the State, under Oregon law, the only fact required to impose a mutually-agreed-upon sentence are the stipulations of the petitioner and the district attorney. Sur-Reply to Petitioner's Reply (#27), p. 2 (citing Or. Admin. R. 213-007-003).

7 - FINDINGS AND RECOMMENDATION

process rights. The state contended that the relevant statutory maximum for <u>Apprendi</u> purposes was the 10-year maximum for Class B felonies and not a standard-range maximum under the state sentencing guidelines. Id. at 302.

The Court rejected the state's argument and set forth a definitive measure of "statutory maximum" for <u>Apprendi</u> purposes:

> Our precedents make clear * * * that the "statutory maximum" for <u>Apprendi</u> purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. In other words, the relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings.

<u>Id</u>. at 303-04.

In the wake of <u>Blakely</u>, the Oregon Supreme Court adjusted its understanding of "statutory maximum" accordingly, so that the presumptive sentence under the guidelines, rather than the maximum penalties for various classes of felonies under Or. Rev. Stat. § 161.605, set the ceiling beyond which enhancement factors must be proved to a jury beyond a reasonable doubt. <u>State v. Dilts</u>, 103 P.3d 95 (Or. 2004). In the same month, Oregon courts clarified that enhancement of a sentence based on a finding of "persistent involvement" required a jury determination, rather than a review of the bare facts of a defendant's prior crimes. <u>State v. Perez</u>, 102 P.3d 705 (Or. App. 2004), <u>rev'd</u> on other grounds, 131 P.3d 168 (Or. 2006).

8 - FINDINGS AND RECOMMENDATION

Blakely's clarification of the term "statutory maximum" resulted in a significant change from Oregon sentencing as it had been conducted post-Apprendi. See Peralta-Basilio v. Hill, 126 P.3d 1 (Or. App. 2005), rev. denied, 132 P.3d 1056 (Or. 2006)(discussing effect of Blakely). The fact that no post-Apprendi federal circuit court of appeals decided issues analogous to those presented in Blakely in the way that the Supreme Court finally did exemplifies Blakely's unforeseeability. Id. at 3 (collecting cases).

As noted above, Singh was sentenced prior to the Blakely's clarification of Apprendi's "statutory maximum" term. In view of this time line, I cannot agree with Singh that his sentence was unconstitutional because it was imposed in violation of Apprendi as it was understood prior to Blakely.

Furthermore, Singh's contention that he is entitled to relief under Apprendi because his 95-month sentence was beyond the 30 to 40 month presumptive sentence and was not supported by a jury finding or a "factual stipulation" by him, is equally unavailing. Singh received the benefit of his bargain with the prosecutor: in exchange for pleading guilty to the lesser included offense of Attempted Sodomy in the First Degree and stipulating to a 95-month sentence, the prosecutor dropped the Ballot Measure 11 Sodomy in the First Degree charge and secured the agreement of the Columbia County prosecutor not to pursue charges against Singh related to an

unsolved rape in that County.[2] The trial court also noted that because Singh was not being convicted under Ballot Measure 11, he would be eligible to take advantage of programming and to get credit for his good time. Respondent's Exhibit 103, p. 41. In addition, during his change of plea hearing, Singh admitted to facts supporting a charge of Sodomy in the First Degree:

| | |
|---|---|
| THE COURT: | * * * How do you plea to the lesser included charge of Attempted Sodomy in the First Degree? It's alleged to have occurred on -- between January 1st and 3rd, 2001, and it's that you attempted by forceful compulsion to engage in deviate sexual intercourse with Joshua Lovell. Do you plead guilty or not guilty? |
| MR. SINGH: | Guilty. |
| THE COURT: | Alright. And does someone want to put the factual basis on the record? |
| MR. KIYUNA: | I can go ahead and do that, Judge. |
| THE COURT: | Alright. |
| MR. KIYUNA: | Essentially my client and Mr. Lovell were in DSU Cell 41 on or about January 3rd of 2001, and well, then essentially an incident happened where the -- my client and -- they got into a little bit of a situation to do with a food tray, and then my client -- well slapped or struck Mr. Lovell, essentially instructing him to perform oral sex, and Mr. Lovell did that. |
| THE COURT: | Alright. Is that what happened Mr. Singh? |

---

[2] Apparently a DNA sample taken from a toothbrush during the investigation of this case linked Singh to an unsolved sex crime in Columbia County. Respondent's Exhibit 103, p. 32.

10 - FINDINGS AND RECOMMENDATION

|  |  |
|---|---|
| MR. SINGH: | Yeah, I suppose. |
| THE COURT: | Well, is there something different than what your attorney said? |
| MR. SINGH: | No. |

Respondent's Exhibit 103, pp. 42-43.

Though Singh concedes a defendant is free to waive his Apprendi rights, he insists he never explicitly waived his rights, stipulated to enhancing facts, or consented to judicial fact finding in this case. Memorandum in Support (#21), p. 8. I disagree. Based on the fact that Singh pled guilty to Attempted Sodomy in the First Degree, stipulated to a 95-month sentence, and admitted to facts supporting a charge of Sodomy in the First Degree, I conclude he waived any applicable Apprendi rights in this case in order to secure a favorable plea deal with the prosecutor.

Finally, I address Singh's contention that his trial counsel was ineffective because he advised Singh to agree to a stipulated sentence without advising him of his rights under Apprendi and in failing to object to the sentence the trial court imposed as violative of Apprendi.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must

11 - FINDINGS AND RECOMMENDATION

indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." Id at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. Id at 696.

In Hill v. Lockhart, the Supreme Court adapted the two-part Strickland standard to guilty pleas based on ineffective assistance of counsel, holding that a defendant seeking to challenge the validity of his guilty plea on the ground of ineffective assistance of counsel must show that (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." 474 U.S. 52, 57-59 (1985).

Singh contends that because he was charged, convicted and sentenced two years after Apprendi was decided, counsel should have applied the Apprendi rule to his case and required any upward departure be subject to proof beyond a reasonable doubt before a jury. Memorandum in Support (#21), p. 7. Singh asserts that reasonable counsel would have raised an Apprendi objection to an upward departure sentence imposed without a supporting jury finding

12 - FINDINGS AND RECOMMENDATION

in 2002. Singh presented an affidavit from attorney Dennis Balske during his PCR proceedings. Balske attested that when <u>Apprendi</u> issued, "the consensus among the Federal Public Defender's Office, which was shared with the Oregon criminal defense bar, was that <u>Apprendi</u> at the very least invalidated Oregon's dangerous offender procedures, and at the most required that all sentencing enhancements be specifically charged in grand jury indictments and proved beyond a reasonable doubt to a jury." Respondent's Exhibit 110.

For purposes of the <u>Strickland</u> test, the reviewing habeas court evaluates a trial attorney's conduct "as of the time of counsel's conduct." 466 U.S. at 690. Here, hindsight can be especially distorting. As noted above, at the time of Singh's sentencing, <u>Blakely</u> had not yet been decided, and, in the case of felonies, the "statutory maximum" for <u>Apprendi</u> purposes was not yet clarified to take the meaning that it did post-<u>Blakely</u>. At post-conviction, Singh argued <u>Blakely</u> should apply retroactively to cases on collateral review. Singh also suggested his attorney should have argued at trial that the "statutory maximum" for <u>Apprendi</u> purposes was the presumptive sentence under Oregon's presumptive guidelines. In light of the legal context at the time, however, it is not error to conclude that such expectation would exceed the standard of professional care required under <u>Strickland</u>.

13 - FINDINGS AND RECOMMENDATION

Even assuming counsel's representation fell below an objective standard of reasonableness, Singh cannot satisfy Strickland's prejudice prong. He contends his attorney's failure to object to the imposition of an upward departure sentence on Apprendi grounds prejudiced him because he was deprived of his rights and sentenced to more than double the presumptive range on a conviction of Attempted Sodomy in the First Degree. Memorandum in Support (#21), pp. 9-10. However, given that Singh faced a minimum 100-month sentence under Ballot Measure 11 on the Sodomy in the First Degree charge and faced additional rape charges in Columbia County, the court is wholly unconvinced that had trial counsel informed Singh of his right to have a jury make factual findings beyond a reasonable doubt to support an enhanced sentence beyond the presumptive range, he would not have struck the deal he did with the prosecutor. Accordingly, Singh cannot demonstrate that the PCR trial court's determination that petitioner was not denied the right to effective assistance of counsel is contrary to, or an unreasonable application of, clearly established federal law.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#20) should be DENIED, and judgment should enter DISMISSING this case with prejudice.

///

///

14 - FINDINGS AND RECOMMENDATION

**SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due March 20, 2009. If no objections are filed, then the Findings and Recommendation will be referred to a United States District Judge for review and go under advisement on that date. If objections are filed, any response to the objections will be due fourteen days after the date the objections are filed and review of the Findings and Recommendation will go under advisement on that date.

**NOTICE**

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 6th day of March, 2009.

_____
Paul Papak
United States Magistrate Judge